*In re* MÁXIMO RIVERA CARMONA, querellado.

*Número:* O-82-330     *Resuelto:* 15 de junio de 1983

*Eduardo E. Ortiz,* abogado del querellado; *Ramón A. Cancio, Comisionado Especial; Justo Gorbea Varona, Procurador General Interino,* y *Lourdes del Carmen Rodríguez, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El Procurador General formuló querella contra el abogado Máximo Rivera Carmona que, en resumen, le imputaba los siguientes cargos: (1) La Sra. Petra Feliciano y su madre, Sra. Juana Rodríguez, lo contrataron para que atendiera la reconsideración de las sentencias de los casos criminales seguidos contra Pablo Feliciano, y el querellado les solicitó $1,500, de los cuales se le adelantaron $1,200 para sacarlo de la cárcel. El querellado les dijo que ese dinero no era para él, sino para el Juez Marcano y el fiscal, para que aquél declarara con lugar la reconsideración y éste no se opusiera; (2) El Sr. Virgilio Soto contrató los servicios profesionales del querellado para que le tramitara las licencias de tener y poseer y de portación de armas y le limpiara su récord, por lo que le pagó $400, y el querellado no realizó dichas gestiones; (3) El Ministerio Público presentó una acusación contra el querellado por infracciones a los Arts. 6, 7 y 8 de la Ley de Armas, 25 L.P.R.A. secs. 566, 567 y 568, y tentativa de asesinato, por motivo de haber el querellado instigado a su padre a que disparara contra un tercero.

El Comisionado Especial nos rindió un informe sobre los anteriores cargos, del cual surgen los siguientes hechos. En cuanto al primer cargo, aparece que las señoras Rodríguez y Feliciano contrataron a querellado para que obtuviese la libertad del hijo de la señora Rodríguez y que el licenciado Rivera Carmona ofreció hacerlo en tres meses. Les pidió $1,500 y expresó que él no estaba cobrando esta suma, sino que era para el Juez Juan Marcano Ortiz y el fiscal. Ellas le dieron $1,200 por adelantado y el querellado les expidió un recibo por esa cantidad. El licenciado Rivera Carmona

presentó moción de reconsideración y el Juez Marcano la declaró sin lugar. Las perjudicadas le informaron a una oficial probatoria y al Juez Marcano cómo habían contratado al querellado y lo que éste les había dicho sobre el pago de los $1,500. Al formulársele entonces denuncia al querellado por el delito de apropiación ilegal agravada, éste devolvió los $1,200 a las perjudicadas y ellas declararon en la vista preliminar que, por esta razón, no tenían interés en que prosiguiera el caso. El Juez Marcano testificó que el querellado nunca le había hecho tal proposición. El juez que presidió la vista preliminar determinó que existía causa probable. Posteriormente, el querellado fue absuelto por un jurado.

Sobre el segundo cargo, declaró el señor Soto que solicitó los servicios del querellado, licenciado Rivera Carmona y del señor Manuel Figueroa Figueroa, quien se dedicaba a gestionar licencias de portación de armas, para que le consiguieran una licencia. Éstos le indicaron que le costaría $400: $300 para comprar el arma y $100 para el querellado. El licenciado Rivera Carmona no realizó gestión alguna para obtener la licencia. Soto inquirió al querellado sobre sus gestiones y éste le dijo que había dejado de trabajar con Figueroa y que no tenía ya nada que ver con su caso. Soto denunció a ambos y ellos le devolvieron los $400. En la vista preliminar el señor Soto declaró que no tenía interés en continuar con el caso porque se le había devuelto su dinero, y se archivó el mismo.

Los hechos que dieron base al tercer cargo ocurrieron el 15 de diciembre de 1979. El padre del licenciado Rivera Carmona hizo alegación de culpabilidad en cuanto a todas las acusaciones y fue declarado culpable y convicto de los delitos por los que se le acusaba. Se archivaron los casos contra el querellado, porque el perjudicado y su esposa expresaron su deseo de darle una oportunidad por ser pariente de ellos y tener "nenes pequeños".

El querellado no ha objetado el informe del Comisionado.

■ Las determinaciones de hecho formuladas y la prueba documental demuestran claramente una grave conducta impropia por parte del querellado, contraria a los Cánones 9, 18, 19, 23 y 38 de Ética Profesional. Al expresarle falsamente a sus clientes que el dinero que estaba cobrando era para sobornar a un juez, revela tal grado de depravación moral que quebranta la confianza del pueblo en la administración de justicia, por constituir un ataque mentiroso, injustificado e ilícito contra un juez y contra la dignidad y el honor de los tribunales.

■ El querellado incurrió en grave falta al retener la suma adelantada en concepto de honorarios por el señor Soto sin realizar la gestión a la cual se comprometió, en violación a los Cánones 18, 19 y 23. *In re Arana Arana,* 112 D.P.R. 838 (1982).

Por último, la actuación suya que dio lugar a las acusaciones bajo la Ley de Armas y de tentativa de asesinato, al igual que los anteriores cargos, demuestran que el querellado está incapacitado ética y moralmente para ejercer la profesión de abogado.

*Se ordena la separación permanente del querellado Máximo Rivera Carmona del ejercicio de la profesión de abogado y notario.*