*In re* Pedro J. Pereira Esteves, querellado.

*Número:* O-84-577          *Resuelto:* 4 de septiembre de 1992

*Roberto Schmidt Monge, Procurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados del Estado Libre Asociado de Puerto Rico; *Barney H. López Toro* y *Elpidio Arcaya,* abogados del querellado.

PER CURIAM: El 22 de agosto de 1984 el Procurador General presentó una querella contra el Lcdo. Pedro J. Pereira Esteves en la que le formuló cuatro (4) cargos por violar varios cánones de ética profesional.(¹)

---

(¹) Estos cargos fueron presentados en cumplimiento de nuestra Resolución de 17 de mayo de 1984 en la cual ordenamos la consolidación de una querella presentada por el Procurador General con otros cargos que surgieron a raíz de una investigación realizada por el Colegio de Abogados de Puerto Rico.

Luego de que el licenciado Pereira Esteves negara los cargos en su contestación a la querella, el 29 de noviembre de 1984 designamos Comisionado Especial al Lcdo. Ramón A. Cancio para que oyera y recibiera la prueba.

Celebradas las vistas, el 5 de marzo de 1986 el Comisionado Especial sometió su informe. Procedemos a examinar sus conclusiones de hecho con respecto a cada cargo formulado por el Procurador General.

## I

A. En el primer cargo, el Procurador General alega que:

El Lcdo. Pedro J. Pereira Esteves incurrió en conducta inmoral y antiética en relación a su cliente el Sr. Manuel Pérez Yañez, a.quien representaba como demandado en un caso de cobro de dinero (refiérase al caso de Eladia Nieves v. Manuel Pérez Y[á]ñez, Civil Núm. CD-80-346 sobre cobro de dinero en el Tribunal de Distrito, Sala de Fajardo). El querellado no informó adecuadamente al querellante del desarrollo de su caso ni de los asuntos relacionados con el mismo, ni realizó las gestiones necesarias ante los Tribunales que redundaran en beneficio de su representado, teniéndose como resultado la anotación de la rebeldía del querellante y de una vista en rebeldía en donde se dictó sentencia en contra del querellante. De tal manera se han perjudicado seriamente los derechos del querellante, al no haber tenido la oportunidad, por la inacción y abandono de su abogado, de defenderse de la reclamación en su contra. Surge, además, que el querellante compensó económicamente al querellado por los servicios contratados. [Dicha conducta viola los cánones 18 y 19 de Ética Profesional.] Querella, pág. 2.

En cuanto al primer cargo, el Comisionado Especial concluyó que el licenciado Pereira Esteves representaba al Sr. Manuel Pérez Yáñez, quien había sido demandado en un caso por cobro de dinero en el Tribunal de Distrito. Luego de solicitar y obtener mediante moción el traslado del caso a la Sala de Fajardo, el licenciado Pereira no presentó la contestación a la demanda. En consecuencia, la parte de-

mandante solicitó que se anotara la rebeldía del demandado.([2])

Posteriormente, el tribunal notificó ·a los abogados de las partes el señalamiento de la vista del caso en rebeldía. Ante esa situación, el querellado solicitó en varias ocasiones, infructuosamente, la suspensión de la vista en rebeldía e incluso presentó una demanda contra tercero y la contestación a la demanda. Celebrada la vista en rebeldía,([3]) el tribunal declaró con lugar la demanda y dictó sentencia mediante la cual ordenó al demandado a pagar la suma de $6,000 más las costas y honorarios de abogado.

El querellado, entonces, presentó una moción para que se dejara sin efecto la sentencia dictada en rebeldía al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III.([4]) Tanto en dicha moción como en las vistas ante el Comisionado Especial, el querellado adujo que no fue notificado de la moción presentada por la parte demandante, en la cual se solicitaba la anotación de rebeldía. El Comisionado Especial no dio credibilidad a dicha contención debido a que lo más lógico era que el querellado hubiese informado la alegada falta de notificación cuando el tribunal le notificó el señalamiento de la vista en rebeldía, sin embargo, el querellado en aquel momento se limitó a pedir la suspensión de la referida vista.

El Comisionado Especial concluyó, en cuanto a este cargo, que el querellado Pereira Esteves no informó adecuadamente de los acontecimientos y desarrollos del caso a

---

([2]) Surge de los autos del caso que la moción en la cual se solicita la anotación de la rebeldía tiene fecha de 29 de abril de 1980, y en ella se certifica que ese mismo día se envió copia al querellado.

([3]) A la vista en rebeldía compareció el Lcdo. Carlos Ríos Hernández en representación del demandado Pérez Yañez por encomienda del querellado.

([4]) Ese mismo día el querellado también presentó una petición de *certiorari* en el Tribunal Superior, Sala de Humacao, solicitando la revisión de las resoluciones denegando la suspensión de la vista en rebeldía.

El *certiorari* fue denegado por el Tribunal Superior. La moción al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, fue declarada no ha lugar por el Tribunal de Distrito.

su representado, el señor Pérez Yáñez. Además, concluyó que debido al abandono, dejadez e inacción por parte del querellado, consistente en no contestar a tiempo la demanda, se le anotó la rebeldía al señor Pérez Yáñez. No obstante, contrario a lo alegado en la querella, el Comisionado Especial determinó que el señor Pérez Yáñez no pagó al querellado suma alguna por sus gestiones en este caso.

B. El segundo cargo imputa que:

> El Lcdo. Pedro J. Pereira Esteves incurrió en conducta inmoral y antiética en relación a su cliente Gloria E. Soto, a quien representa en los tribunales en una reclamación de participación en herencia. El querellado ha abandonado el caso de su cliente sin renunciar formalmente a su representación, a pesar de que así se lo solicitara la querellante, optando por no comunicarse con ella, ni tampoco le ha devuelto el expediente, a pesar de ésta habérselo requerido.
>
> La anterior conducta relatada denota violación a los cánones *18* y *20* de l[o]s de Ética Profesional. Querella, pág. 2.

En cuanto a este segundo cargo, el Comisionado Especial determinó que el licenciado Pereira asumió la representación legal de la Sra. Gloria E. Soto quien, en calidad de demandante, quería reclamar sus derechos hereditarios en una casa. Seis (6) hermanastros de la señora Soto ostentaban también derechos en la propiedad y, en particular, el Sr. Maximino Velázquez detentaba la posesión de la casa.

El licenciado Pereira presentó la demanda en el Tribunal Superior, Sala de Humacao, e incluyó como demandados a los seis (6) hermanastros de la señora Soto. No obstante, sólo emplazó a Maximino Velázquez. En vista de que éste no compareció en el caso contestando la demanda, el querellado solicitó mediante moción que se le anotara la rebeldía.

Luego el tribunal dictó una orden mediante la cual concedió término a la parte demandante, representada por el querellado, para que expresara si deseaba el señalamiento

de la vista en rebeldía a pesar de que sólo se había emplazado a uno (1) de los demandados.(⁵) El querellado respondió mediante moción que interesaba el señalamiento de la vista del caso en rebeldía "no empece los defectos señala[dos]".

El día de la vista, el querellado informó al tribunal que no estaba preparado debido a que su cliente no estaba presente. El tribunal procedió a dejar sin efecto el señalamiento e indicó que debía emplazarse por edicto a los demás herederos. Ante esta determinación, el querellado envió una carta a la demandante en la cual le informaba que la vista del caso había sido suspendida y le requirió que le enviara $10 por el costo del sello de suspensión, más $100 para pagar los emplazamientos por edicto y un abono de $500 para proseguir con el caso. A esto añadió que de otra forma no podría continuar con el caso, por lo que debió entonces la señora Soto conseguir otro representante legal.(⁶) A esta carta replicó la demandante negándose a pagar por dichos gastos legales ya que el querellado nada había hecho por ella.

Finalmente, habiendo transcurrido varios meses desde la suspensión de la vista en rebeldía —sin haber realizado el querellado gestión alguna en el litigio— el tribunal dictó sentencia en la cual ordenó el archivo del caso sin perjuicio.(⁷)

El Comisionado Especial concluyó en su informe que el querellado no atendió debidamente el caso de la señora

---

(⁵) El tribunal señaló, además, que el emplazamiento de Maximino Velázquez era defectuoso por no estar dirigido al demandado a emplazarse y que también era defectuoso el diligenciamiento por no indicarse el lugar en que se dilingenció el emplazamiento.

(⁶) La señora Soto se encontraba en el estado de Connecticut desde hacía un tiempo.

(⁷) Cabe señalar que previo el archivo del caso, el tribunal dictó una orden para que el querellado informara los fundamentos que tenía para que no se archivara el caso, dado los defectos señalados en el emplazamiento de Maximino Velázquez y la falta de emplazamiento de los demás herederos. El querellado Pereira Esteves no presentó fundamento alguno posteriormente.

Soto y que, aún después de ordenarse el archivo del caso, no le informó a ésta que su causa de acción subsistía. Por último, se determinó que el licenciado Pereira no le envió el expediente a su cliente a pesar de ésta habérselo requerido.

C. El Procurador General alegó, además, que:

El Lcdo. Pedro J. Pereira Esteves incurrió en conducta inmoral y antiética en relación a su cliente, el Sr. Fernando García Arroyo, a quien debía representar como abogado defensor en la lectura de la sentencia de éste en [un] caso criminal. El querellado, por honorarios ascendentes a la suma de $1,500.00, los cuales fueron pagados, se comprometió específicamente a gestionar el adelanto de la fecha de la lectura de la sentencia del convicto Fernando García Arroyo. El querellado no efectuó las gestiones necesarias ante los tribunales para cumplir adecuadamente su encomienda, reconociéndolo así mismo el propio querellado, quien acordó devolver los $1,500.00 que le fueran pagados, lo cual aún no ha hecho al día de hoy.

Tal conducta observada por el querellado muestra violación a los cánones *18, 19, 20* y *23* de los de Ética Profesional .... Querella, pág. 3.

En cuanto a este cargo, quedó establecido que el querellado fue contratado por la señora García para que fuera el abogado defensor de su hermano, el Sr. Fernando García Arroyo, con el fin específico de gestionar el adelanto del acto de pronunciamiento de la sentencia. Por los servicios convenidos se le adelantó la suma de $1,500 en un giro bancario.[8]

El señor García Arroyo estuvo en la cárcel hasta el día en que el tribunal dictó una sentencia suspendida, siendo representado en dicha ocasión por el Lcdo. Miguel Rosado Rivera.

El Comisionado Especial concluyó que el querellado

---

[8] Surge del informe del Comisionado Especial que el señor García Arroyo hizo alegación de culpabilidad en un caso criminal y quedó en libertad hasta la imposición de la sentencia. Posteriormente se ordenó su reclusión debido a una queja que se presentó en su contra.

nada hizo en verdadero provecho de su cliente, para que se adelantara el acto de la imposición de la sentencia o se dictara sentencia suspendida, ni se mantuvo en comunicación con él o con su hermana para tenerles informados. De hecho, el querellado ni siquiera presentó moción para asumir la representación legal en el caso. El querellado tampoco ha devuelto la suma de $1, 500 que se le adelantó por concepto de honorarios profesionales.([9])

## II

■ El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo aquí pertinente señala que:

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

La gestión del abogado debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencia y habilidad, desempeñándose de una forma adecuada y responsable, capaz y efectiva. Véanse: *In re Vélez Valentín*, 124 D.P.R. 403 (1989); *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987); *In re Siverio Orta*, 117 D.P.R. 14 (1986); *In re Arana Arana*, 112 D.P.R. 838 (1982).

■ El hecho de que el abogado reciba retribuciones mínimas, o ninguna como puede ocurrir en algunos casos, no es excusa que justifique su falta de diligencia en la tramitación de un caso. Véanse: Cánones 1 y 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re Rosario*, 116 D.P.R. 462 (1985).

---

([9]) Debido a que el cuarto cargo de la querella es tan extenso, y tomando en consideración que el Comisionado Especial determinó que el licenciado Pereira no incurrió en conducta antiética e inmoral en cuanto a los hechos allí imputados, dicho cargo no será discutido en la opinión.

■ Cuando por razones justificadas no pueda representar adecuadamente a su cliente, el abogado debe renunciar a la representación profesional; debe obtener previamente el permiso del tribunal. *In re Díaz Alonso, Jr.*, 115 D.P.R. 755 (1984).

■ A esos efectos, el Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que, una vez efectiva la renuncia, el abogado "debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso ...".

■ Por su parte, el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone al abogado el deber de mantener a su cliente siempre informado de todos aquellos acontecimientos importantes que surjan en el caso que le ha sido encomendado. Véanse: *In re Díaz Alonso, Jr.*, supra; *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

■ Finalmente, las relaciones entre abogado y cliente son de naturaleza fiduciaria, por lo que deben estar fundadas en la honradez absoluta. Constituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió. Véanse: Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re Rivera Carmona*, 114 D.P.R. 390 (1983); *In re Arana Arana*, supra.

### III

De las conclusiones de hecho del Comisionado Especial y de un cuidadoso examen de toda la prueba testifical y documental se advierte que, en efecto, el licenciado Pereira incurrió en conducta antiética en cuanto a los hechos alegados en tres (3) de los cuatro (4) cargos que el Procurador General le imputó en la querella.

■ En el primer cargo quedó demostrado que el licen-

ciado Pereira no representó al Sr. Manuel Pérez con la diligencia, habilidad y responsabilidad que los cánones de ética profesional le exigen a todo letrado que ejerce la abogacía en Puerto Rico. Su inacción conllevó que se le anotase la rebeldía a su representado y que, posteriormente, se dictara sentencia en su contra ordenándole pagar a la parte demandante la suma de $6,000.

Considérese, además, que los esfuerzos que realizara el querellado luego de que el tribunal le informara del señalamiento de la vista del caso en rebeldía resultaron infructuosos. Esto se debió mayormente a que el tribunal no consideró que los planteamientos que hiciera el querellado a través de sus mociones fueran meritorios.

Asimismo, surge de la prueba desfilada ante el Comisionado Especial, que el licenciado Pereira no informó al señor Pérez que se le había anotado la rebeldía ni de las consecuencias que esto acarreaba para su defensa. *In re Díaz Alonso, Jr.*, supra; *In re Cardona Vázquez*, supra.

Por último, cabe señalar que el hecho de que el licenciado Pereira no hubiese sido compensado por sus servicios no era excusa para que desatendiera la defensa de su cliente. La conducta del querellado en este caso reflejó, sin lugar a dudas, una clara transgresión de los Cánones 1, 18, 19 y 24 del Código de Ética Profesional, *supra*. Véanse: *In re Vélez Valentín*, supra; *In re Acosta Grubb*, supra.

Respecto al segundo cargo, quedó establecido que el querellado abandonó la causa de acción de su representada, la señora Soto, quien era la demandante en un caso de reclamación de derechos hereditarios.

A pesar de que el tribunal señalara defectos en el único emplazamiento diligenciado y advirtiera que cinco (5) codemandados no habían sido emplazados aún, el querellado nada hizo al respecto y por su contumacia y dejadez el caso se archivó posteriormente sin perjuicio. En este caso nuevamente quedó demostrado el patrón de conducta del querellado, quien por el hecho de no haber recibido retribución

económica pensó que su obligación profesional quedaba relevada.

Al aceptar la representación legal de la señora Soto, el querellado le debía a ésta el máximo de esfuerzo profesional en la medida de su talento y preparación, no empece lo mínimo que recibiera en compensación por sus servicios. *In re Rosario*, supra. Si el licenciado Pereira hubiese tenido otras razones que le impidieran representar adecuadamente a su cliente, entonces debió haber renunciado a la representación legal, previo el permiso del tribunal. *In re Díaz Alonso, Jr.*, supra.

Finalmente, en cuanto a este cargo, el querellado debió haberle entregado el expediente del caso a la señora Soto ya que, a fin de cuentas, es al cliente a quien pertenece el mismo. La conducta del querellado en cuanto a su relación profesional con la señora Soto infligió los Cánones 1, 18, 20 y 24 del Código de Ética Profesional, *supra*.

En lo que concierne al cargo tercero, el licenciado Pereira volvió a incurrir en violación del Canon 18 del Código de Ética Profesional, *supra*, al no desplegar las diligencias necesarias para representar debidamente al señor García Arroyo, quien se encontraba en la cárcel en espera de la imposición de la sentencia. Véanse: *In re Siverio Orta*, supra; *In re Arana Arana*, supra.

El proceder del querellado violentó, además, la naturaleza fiduciaria de su relación con el cliente, según se dispone en el Canon 23 del Código de Ética Profesional, *supra*. Lo menos que pudo haber hecho el licenciado Pereira ante su completa inacción en este caso era devolverle al señor García el dinero que éste le adelantó cuando contrató sus servicios profesionales. *In re Rivera Carmona*, supra.

Ante estas circunstancias, *se ordena la suspensión del querellado Pedro J. Pereira Esteves por un período de dos (2) años del ejercicio de la profesión de abogado y de notario.*

*Se dictará la sentencia correspondiente.*

El Juez Asociado Señor Negrón García está conforme con los pronunciamientos del Tribunal, pero hubiese suspendido indefinidamente al licenciado Pereira Esteves del ejercicio de la abogacía. El Juez Asociado Señor Fuster Berlingeri no intervino.