*In re* EFRAÍN RIVERA MALDONADO.

*Número:* AB-97-57          *Resuelto:* 9 de octubre de 1997

*Manuel Fermín Arraiza, Domingo Laracuente Cruz* y *María de Lourdes Rodríguez,* de la Comisión de Ética del Colegio de Abogados de Puerto Rico, en Informe.

PER CURIAM: El 9 de febrero de 1996 la Sra. Cecilia Candelaria Maldonado presentó una queja ante el Colegio de Abogados de Puerto Rico contra el querellado Lcdo. Efraín Rivera Maldonado. En dicha queja se alega que ella contrató los servicios del querellado hace más de veintitrés (23) años con el fin de que éste tramitara un procedimiento de expediente de dominio relativo a una finca propiedad del padre de ella. De los documentos presentados con la queja se desprende que la quejosa pagó al querellado la suma de setecientos cincuenta dólares ($750) para cubrir los gastos y honorarios de abogado por la gestión contratada.

La quejosa ha realizado numerosas gestiones durante todos estos años para tratar de lograr que el querellado concluya la gestión para la que fue contratado o que, en su defecto, le devuelva los documentos del caso. Ninguna de dichas gestiones fue exitosa. Presentó entonces su queja ante el Colegio de Abogados. Dicha queja, junto con una comunicación del Oficial Investigador, fue notificada al querellado por correo certificado el 21 de febrero de 1996.

El 21 de marzo de 1996 se le concedió al querellado un término final de veinte (20) días para que respondiera a la queja. No contestó, por lo que la Comisión de Ética señaló el 24 de septiembre de 1996 para celebrar la vista dirigida a resolver la queja, cuyo señalamiento fue notificado al querellado por correo certificado el 6 de agosto de 1996. El querellado no compareció a dicha vista a pesar de haber acusado el recibo de dicha notificación.

Mediante su Resolución de 8 de octubre de 1996, la Co-

misión de Ética determinó que el querellado no ha observado la debida diligencia en el trámite de este caso, al faltar a sus deberes con su cliente y ante el referido organismo disciplinario.

El 17 de abril de 1997, la Comisión de Ética presentó ante nos su informe. Mediante nuestra Resolución de 16 de mayo de 1997 concedimos al querellado treinta (30) días para que mostrara causa por la cual no debíamos aprobar dicho informe e imponerle una sanción disciplinaria a tenor de las determinaciones y conclusiones de éste. El querellado no ha comparecido.

La Comisión de Ética del Colegio de Abogados señala en su informe que el querellado ha violado los Cánones del Código de Ética Profesional en los extremos siguientes:

> 1) Incumplir con el Canon 19 que impone al abogado la obligación de mantener al cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. El querellado ha faltado al deber de comunicación con su cliente.
> 2) No concluir la gestión para la cual fue contratado ni notificó a su cliente de la existencia de impedimento legal alguno para concluir satisfactoriamente el mismo, no atendiendo así el asunto que le fue encomendado por su cliente con diligencia y responsabilidad. (Canones 12 y 18)
> 3) Al no cumplir con los requerimientos de esta Comisión a pesar de todas las gestiones realizadas por la misma para comunicarse con el querellado. Informe sobre conducta ética profesional, pág. 3.

Estas conclusiones están ampliamente sostenidas por la prueba obrante en el expediente y denotan una actitud contumaz e irresponsable por parte del querellado. La indiferencia, desidia, despreocupación, inacción y displicencia por parte de un abogado, como patrón de conducta en relación con asuntos encomendados por algún cliente, violan el Canon 18 del Código de de Ética Profesional, 4 L.P.R.A. Ap. IX. *In re Arana Arana*, 112 D.P.R. 838, 843 (1982). Todo miembro de la profesión legal tiene el deber de defender con diligentcia los intereses del cliente con un trato profesional caracterizado por la mayor capacidad,

la más devota lealtad y la más completa honradez; además, su gestión debe llevarse a cabo mediante la aplicación, en cada caso, de sus conocimientos, experiencia y habilidad, y desempeñarla de forma adecuada y responsable, capaz y efectiva. *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987).

■ Asimismo, debe mantener siempre informado a su cliente de todo asunto importante que surja en el desarrollo del caso que le haya sido encomendado. Véase el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Además, tiene el deber de representar al cliente con fidelidad, lealtad y diligencia, y de mantener a su cliente informado de todo asunto importante que surja en el desarrollo de su caso. *In re Cardona Vázquez*, 108 D.P.R. 6, 18 (1978). Incurre, asimismo, en grave falta y violación del Canon 19 del Código de Ética Profesional, *supra*, el abogado que retiene una suma adelantada por el cliente en concepto de honorarios de abogado sin realizar la gestión a la cual se comprometió. *In re Rivera Carmona*, 114 D.P.R. 390, 393 (1983).

Por otro lado, el incumplimiento de dicho abogado con nuestra Resolución del 16 de mayo de 1997, unida a la falta de cumplimiento de los requerimientos y la citación de la Comisión de Ética del Colegio de Abogados, constituye un patrón de conducta contumaz, demostrativo de indiferencia, desidia y menosprecio a la autoridad disciplinaria de este Tribunal, que por sí mismo constituye causa adicional para actuar disciplinariamente en su contra. *In re Díaz García*, 104 D.P.R. 171, 174 (1975); *In re Pagán Ayala*, 115 D.P.R. 431, 432 (1984); *In re Pérez Rodríguez*, 115 D.P.R. 547, 552 (1984).

Por todo lo anterior, en vista de la conducta represible del querellado hacia su cliente y su incumplimiento a la orden de este Tribunal, nos obliga a imponerle la sanción correspondiente.

A la luz de lo antes expuesto, conforme a nuestro apercibimiento, se le suspende temporalmente del ejercicio de la abogacía hasta tanto este Foro, mediante un dictamen al efecto, lo reinstale.

*Se dictará sentencia conforme a lo antes expuesto.*

Los Jueces Asociados Señora Naveira de Rodón y Señor Fuster Berlingeri no intervinieron.