EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Lcdo. Hiram Meléndez Rivera | Querella<br><br>2001 TSPR 39 |

Número del Caso: CP-1999-6

Fecha: 30/marzo/2001

Oficina del Procurador General:

                          Lcda. Cynthia Iglesias Quiñones
                          Procuradora General Auxiliar

Abogado de la Parte Querellada:

                          Lcdo. Samuel Quiñones García

Materia: Conducta Profesional

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Hiram Meléndez Rivera        CP-1999-6

PER CURIAM

San Juan, Puerto Rico, a 30 de marzo de 2001.

El 8 de abril de 1999 el Procurador General de Puerto Rico presentó una querella ante este Tribunal en contra del Lic. Hiram Meléndez Rivera. En esencia, le imputaba en dos cargos distintos haber violado los Cánones XVIII y XX de Etica Profesional de Puerto Rico. Conforme la querella referida, el licenciado Meléndez Rivera, luego de haber cobrado $1,000 de honorarios por adelantado, no atendió adecuadamente un caso de los querellados, el cual fue archivado por falta de trámite. Igualmente se le imputó no haber renunciado a la representación legal de dicho caso cuando ello era debido.

El querellado Meléndez Rivera no compareció ante nos para contestar la querella referida. En

vista de ello, el 28 de julio de 1999 nombramos un Comisionado Especial para continuar con el procedimiento disciplinario iniciado mediante la presentación de la querella referida por el Procurador General.

Así las cosas, el 20 de agosto de 1999 ordenamos paralizar el procedimiento disciplinario del caso de autos en vista de que estaba pendiente una acción civil entre los antiguos clientes del querellado y éste por los mismos hechos que dieron lugar a la querella en cuestión.

El 6 de octubre de 2000, el Procurador General de Puerto Rico compareció ante este Tribunal y nos informó que el pleito civil aludido antes había concluido mediante una sentencia por estipulación suscrita por las partes del caso. Conforme a la estipulación referida, el querellado había pagado una indemnización a sus antiguos clientes para finiquitar la acción civil que pesaba en su contra. Además, el Procurador General recomendó que se archivase la querella pendiente en contra del licenciado Meléndez Rivera, en vista de que había indemnizado económicamente a sus antiguos clientes por el daño que su negligencia les había causado; y en vista además de que el querellado gozaba de excelente reputación en la sociedad y que era la primera vez que surgía una queja por conducta profesional en su contra.

Recibido y considerado el escrito del Procurador General solicitando el archivo de la querella, estimamos que éste no procedía. Ello, en vista de la reiterada doctrina de este Tribunal a los efectos de que un acuerdo en la esfera civil no precluye que este Tribunal imponga sanciones disciplinarias por la conducta profesional impropia que dio lugar al resarcimiento por el abogado a su cliente de los daños causados por su conducta negligente. In re: Pagán Ayala, 117 D.P.R. 180 (1986).

Por esta razón el 2 de febrero de 2001, modificada nunc pro tunc el 14 de febrero de 2001, emitimos una resolución dándole término al Lic. Hiram Meléndez Rivera para mostrar causa por la cual no debíamos reactivar el trámite disciplinario que fue suspendido mientras transcurría el pleito civil mencionado antes. El 28 de febrero de 2001 compareció ante nos el Lic. Hiram Meléndez Rivera, por conducto de su representación legal, y admitió que el conflicto surgido en este caso con sus clientes se debió "a

una falta de cuidado al tratar con ellos". Admitió además que debió haber renunciado a la representación legal de dichos clientes, mucho antes de cuando lo hizo, y admitió finalmente "su cuota de responsabilidad en todo este proceso". Luego de expresar su pesar por lo acontecido, solicitó el desistimiento de la querella presentada por el Procurador General, sin ningún trámite ulterior.

## II

Reiteradamente hemos resuelto que incurre en una falta ética grave el abogado que retiene una suma de dinero adelantada por un cliente en concepto de honorarios, sin realizar la gestión a la cual se comprometió. Así mismo hemos resuelto que un abogado, en ejercicio de su profesión, debe dar fiel cumplimiento a lo que dispone el Canon XVIII de Etica Profesional. In re: Rosario, 116 D.P.R. 462 (1985); In re: Pagán Ayala, 115 D.P.R. 431 (1984); In re: Rivera Carmona, 114 D.P.R. 390 (1983); In re: Arana Arana, 112 D.P.R. 838 (1982); In re: Vargas Soto, 108 D.P.R. 490 (1979).

También hemos resuelto antes que un abogado debe renunciar prontamente la representación profesional de un cliente cuando por razones justificadas no pueda continuar con esa representación adecuadamente. Fine Art Wallpaper v. Wolff, 102 D.P.R. 451 (1974).

En el caso de autos, el Lic. Hiram Meléndez Rivera no actuó a la altura profesional que exigen los Cánones XVIII y XX de Etica Profesional. Sin embargo, existen aquí unas circunstancias particulares que justifican que no apliquemos las sanciones disciplinarias que de ordinario se impondrían en un caso como el de autos. El querellado aquí no sólo indemnizó económicamente a sus antiguos clientes por el daño que su negligencia les causó sino que además ésta fue la primera vez que el licenciado Meléndez Rivera, quien goza de excelente reputación en la comunidad, incurrió en el tipo de conducta en cuestión.

En vista de lo anterior, se amonesta al Lic. Hiram Meléndez Rivera por las faltas al deber profesional incurridas por él en este caso. Se le

apercibe que en el futuro seremos más rigurosos con cualquier violación suya a los Cánones de Etica de la abogacía.

Con esta amonestación y apercibimiento, se ordena el archivo de este asunto.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lic. Hiram Meléndez Rivera          CP-1999-6


SENTENCIA


San Juan, Puerto Rico, a 30 de marzo de 2001.


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente sentencia, se amonesta al Lic. Hiram Meléndez Rivera por las faltas al deber profesional incurridas por él en este caso. Se le apercibe que en el futuro seremos más rigurosos con cualquier violación suya a los Cánones de Etica de la abogacía.

Con esta amonestación y apercibimiento, se ordena el archivo de este asunto.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino. El Juez Asociado señor Hernández Denton, inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo