**AB-2002-166**                                                              **1**

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> María E. Arroyo Ramos | Queja <br><br> 2003 TSPR 60 <br><br> 158 DPR \_\_\_\_ |

Número del Caso: AB-2002-166


Fecha: 17 de abril de 2003


Oficina del Procurador General:

          Lcda. Yvonne Casanova Pelosi
          Procuradora General Auxiliar

Colegio de Abogados de Puerto Rico:

          Lcdo. Ángel N. Candelario Cáliz
          Oficial Investigador


Abogada de la Parte Querellada:

          Por Derecho Propio


Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María E. Arroyo Ramos

AB-2002-166

PER CURIAM

San Juan, Puerto Rico, a 17 de abril de 2003.

El Sr. Arcadio Sosa presentó una queja en contra de la Lic. María E. Arroyo Ramos en la que en esencia le imputa no haber atendido diligentemente un caso para el cual había sido contratada. Examinado el Informe del Procurador General y la contestación de la Lic. Arroyo Ramos, se ordena a la abogada que devuelva el dinero cobrado como honorarios de abogados y se le amonesta por no realizar las gestiones para las cuales fue contratada por el Sr. Arcadio Sosa.

I

Los hechos que iniciaron este procedimiento se remontan al mes de abril de 2000 cuando el Sr.

Arcadio Sosa contrató los servicios de la Lic. Arroyo Ramos con el propósito de que se presentara una acción por incumplimiento de contrato contra un contratista. A esos efectos, le adelantó quinientos dólares ($500) en concepto de honorarios. En vista de que pasó el tiempo y la Lic. Arroyo Ramos no había informado de ninguna gestión hecha por ésta en torno al caso, el Sr. Sosa presentó, en abril de 2001, una queja ante el Colegio de Abogados. Acto seguido el Colegio le requirió a la licenciada que se expresara en torno a la misma. La licenciada respondió al requerimiento en septiembre de 2001. Justificó su tardanza en contestar a problemas de salud de sus padres. En su contestación detalló las diferentes gestiones que había realizado encaminadas a conseguir una transacción extrajudicial. Solicitó del Colegio que le concedieran sesenta (60) días para lograrlo. Dicha prórroga fue concedida, y venció el 2 de diciembre de 2001.

En enero de 2002, el quejoso compareció nuevamente ante el Colegio de Abogados para informar que la Lcda. Arroyo Ramos aún no había realizado gestión alguna respecto a su caso. El Colegio le requirió una respuesta a la licenciada, pero esta vez no obtuvo contestación.

Así las cosas, en julio de 2002, compareció ante nos el señor Sosa y alegó básicamente lo mismo que había alegado en la queja presentada ante el Colegio de Abogados en abril del año anterior. En respuesta a ello se le ordenó al Procurador

General que investigara y presentara el correspondiente informe.

Concluida la investigación correspondiente el Procurador General confirmó que la Lic. Arroyo Ramos fue contratada por el Sr. Arcadio Sosa para que presentara una acción por incumplimiento de contrato contra un contratista por no concluir unas obras de construcción. También encontró que con el propósito de presentar dicha acción se le adelantó $500.00 a la Lic. Arroyo Ramos en concepto de honorarios. En su Informe el Procurador General concluyó que habían transcurrido dos años desde que la abogada fue contratada y en ese tiempo el cliente no había recibido información sobre las gestiones, si alguna, realizadas en torno al caso. Por otro lado, de la contestación de la Lic. Arroyo Ramos se desprende que las gestiones realizadas por la abogada en dicho caso se limitaron a una investigación preliminar del área donde se efectuaba la construcción en controversia y unas gestiones extrajudiciales para lograr una transacción entre las partes. En su Informe el Procurador General también señaló que la Lic. Arroyo no ha mantenido a su cliente adecuadamente enterado de las gestiones realizadas, a tal punto que "han transcurrido dos años sin que el quejoso sepa a ciencia cierta cuál es el status de su caso". Finalmente, el Procurador General recomienda que se le ordene a la abogada que restituya al quejoso el dinero que se le adelantó y que ella ha ofrecido devolver.

Una vez recibido el Informe del Procurador General se le concedió un término razonable a la Lic. Arroyo Ramos para exponer su posición.  En su comparecencia ante este Tribunal la Lic. Arroyo Ramos acepta los hallazgos del Procurador General e igualmente se compromete para devolver los fondos adelantados por concepto de honorarios.  En vista de que la abogada acepta las conclusiones hechas por el Procurador, no hay necesidad de designar un Comisionado Especial para que rinda un informe con sus determinaciones de hechos.  Véase, Regla 14(e)(h) del Reglamento del Tribunal Supremo de Puerto Rico de 1 de mayo de 1996.  In re Irizarry Vega, res. el 24 de agosto de 2000, 2000 T.S.P.R. 128.  Por ende, procedemos a resolver sin procedimientos ulteriores.

II

Al resolver la queja presentada en el caso de autos partimos de la premisa que todo abogado tiene el deber de defender los intereses de su cliente de forma diligente, desplegando en todo momento su más profundo saber y habilidad, ejecutando su encomienda de forma responsable. Canon 18, Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.18; In re Osorio Díaz, 146 D.P.R. 39, (1998); In re Acosta Grubb, 119 D.P.R. 595, (1987).  Uno de los deberes que el abogado tiene que cumplir para representar a su cliente de forma responsable es mantenerlo informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.  Canon 19, Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19.

Por otro lado, las relaciones entre abogado y cliente son de naturaleza fiduciaria razón por la cual las mismas deben estar basadas en la honradez y la fidelidad.  Canon 23 Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C.23;  In re Pereira Estévez, 131 D.P.R. 515, (1992);  In re Rivera Carmona, 114 D.P.R. 390, (1983);  In re Arana Arana, 112 D.P.R. 838, (1982).  Constituye un grave atentado a la relación fiduciaria entre abogado y cliente que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió.  In re Ramírez Ferrer, 147 D.P.R. 607,(1999); In re Rivera Carmona, *supra*;  In re Arana Arana, *supra*.  Por esta razón, hemos resuelto que incurre en falta al Canon 23 el letrado que despliegue esta conducta.  In re Pereira Estévez, *supra*;  In re Rivera Carmona, *supra*.  Incurre, asimismo, en grave falta y violación de los Cánones 18 y 19 del Código de Ética Profesional, *supra*, el abogado que despliega dicha conducta.  In re Rivera Maldonado, 143 D.P.R. 877, (1997);  In re Salichs Martínez, 131 D.P.R. 481,(1992); In re Rivera Carmona, 114 D.P.R. 390, (1983).

### III

En el caso de autos la Lic. Arroyo Ramos aceptó que recibió la suma de quinientos dólares ($500) en concepto de honorarios para instar una reclamación de cobro de dinero. Aceptó además que la misma nunca fue instada y que no hubo tampoco una transacción extrajudicial. Aunque en su respuesta al requerimiento hecho por el Colegio de Abogados alegó que

hizo ciertas diligencias con el fin de obtener una transacción extra judicial, estas gestiones nunca fueron informadas al cliente. Concluimos en consecuencia que la conducta incurrida por la Lic. Arroyo Ramos violentó las disposiciones de los cánones 18, 19 y 23 de Ética Profesional.

Anteriormente, hemos reconocido que al determinar una sanción disciplinaria se tomarán en cuenta varios criterios tales como si es la primera falta, la aceptación de la falta, si se trata de una conducta aislada y cualesquiera otras consideraciones que puedan ser atenuantes de los hechos. Surge del expediente que la conducta desplegada por la Lic. Arroyo Ramos fue una aislada de la cual ella asumiría responsabilidad y que, como ella explica, pudo haberse debido a su estado anímico como consecuencia de la enfermedad y eventual muerte de su padre. Además, la licenciada está de acuerdo con devolver los quinientos dólares ($500) cobrados en concepto de honorarios por servicios no rendidos. Por esta razón, le ordenamos reembolsar al Sr. Arcadio Sosa los quinientos dólares ($500) cobrados por ella en concepto de honorarios.

No obstante lo anteriormente señalado, somos del criterio que, dados los hechos particulares del caso, resulta procedente, como medida disciplinaria a imponerse en el mismo, una severa amonestación a la abogada por su falta de diligencia en el trámite de este caso y por desatender las cartas del Procurador General y del Colegio de Abogados

solicitando  información  sobre  la  queja  presentada  en  su
contra.   Con  esta  amonestación  se  ordena  el  archivo  de  este
asunto.

   Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María E. Arroyo Ramos

AB-2002-166

SENTENCIA

San Juan, Puerto Rico, a 17 de abril de 2003.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte Integral de la presente, se dicta Sentencia imponiéndole una sanción disciplinaria a la licenciada María E. Arroyo Ramos consistente en una amonestación. Se le apercibe que en el futuro ha de cumplir a cabalidad con los Cánones de Ética Profesional que rigen la profesión de abogado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo