EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>    Ángel G. Derkes Guzmán | Queja<br><br>2004 TSPR 51<br><br>161 DPR _____ |

Número del Caso: AB-2001-258

Fecha: 26 de marzo de 2004

Oficina de Inspección de Notarías:

                    Lcda. Carmen H. Carlos
                    Directora

                    Lcdo. Edgardo Ortiz Bauzá
                    Director Interino

Abogado del Querellado:

                    Por Derecho Propio

Materia: Conducta Profesional
        (La suspensión será efectiva el día 1 de abril de 2004
        fecha en que se le notificó al abogado de su suspensión
        inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Ángel G. Derkes Guzmán                    AB-2001-258


PER CURIAM

San Juan, Puerto Rico, a 26 de marzo de 2004


El 4 de diciembre de 2001 la señora Aida Fuentes Osorio presentó una queja juramentada ante la Secretaría de este Tribunal contra el Lcdo. Ángel G. Derkes Guzmán.[1] En la referida queja la señora Fuentes alegó que contrató al referido abogado para que tramitara varios asuntos relacionados con la aclaración e inscripción en el Registro de la Propiedad de una compraventa

---

[1] Admitido por este Tribunal al ejercicio de la abogacía el 18 de noviembre de 1980 y al del notariado el 26 de mayo de 1981.

realizada por ésta y su difunto esposo, para lo cual le pagó por adelantado la suma de 4,000.00 dólares.[2] Según señaló, en varias ocasiones trató de comunicarse con el querellado, quien hizo caso omiso a sus llamadas, por lo que decidió contratar a otro abogado. A esos efectos, la quejosa nos solicitó que le ordenáramos al licenciado Derkes Guzmán la devolución de los $4,000.00 que cobró por adelantado en concepto de honorarios de abogados.

El 2 de enero de 2002, la Secretaría le notificó al Lcdo. Derkes Guzmán la queja presentada en su contra y le concedió un término de diez (10) días para que compareciera ante el Tribunal y expresara su posición por escrito. En vista de su incomparecencia, el 12 de marzo de 2002, mediante Resolución a esos efectos, le concedimos al referido abogado un término adicional de diez (10) días para que presentara su contestación, apercibiéndole que el incumplimiento con dicha Resolución podría conllevar la suspensión al ejercicio de la abogacía. Esta Resolución fue notificada personalmente al abogado por conducto de un Alguacil de este Tribunal.

El 30 de abril de 2002, el Lcdo. Derkes Guzmán compareció ante nos, mediante escrito titulado "Moción en Cumplimiento de Orden", solicitando un término adicional de diez (10) días para contestar la queja presentada en su contra, el cual fue concedido. El 14 de junio de 2002, el

referido abogado contestó la queja presentada en su contra, detallando todas las gestiones alegadamente realizadas por él con relación al asunto encomendado y explicó la etapa en que se encontraban las mismas. Además, señaló que no había tenido nada que ver con el retraso incurrido en la inscripción de la escritura de compraventa, pues, según señaló, el mismo se debe a "complicaciones intrínsecas y/o fuera de su control" que se remontan al mismo inicio de la transacción en cuestión. Asimismo, señaló que desconocía el hecho de que la señora Fuentes hubiese contratado a otro abogado, pues no había recibido ninguna comunicación al respecto, pero que si ese era el deseo de su representada, él no tenía ningún reparo en devolverle la partida de honorarios cobrados, si alguna restase, luego de deducir la partida correspondiente a los servicios ya prestados. En cuanto a la falta de comunicación con la señora Fuentes, el abogado indicó que desconocía a qué número de teléfono ésta lo había llamado, pues desde que cerró su oficina sólo cuenta con el número de teléfono de su hogar y el de su celular.

Concedimos un término de diez (10) días a la señora Fuentes Osorio para que se expresara en torno a la contestación del querellado y referimos copia del expediente a la Oficina de Inspección de Notarías para que investigara y rindiera el informe correspondiente. La

---

[2] Se trata de cinco parcelas de terreno localizadas en el Barrio Medianía Alta de Loíza.

señora Fuentes contestó reiterando su deseo de que el licenciado Derkes Guzmán le devolviera los honorarios cobrados. Asimismo, compareció el Lcdo. Edgardo Ortiz Bauzá, entonces Director Interino de la Oficina de Inspección de Notarías, informando que el querellado no había incurrido en ninguna actuación notarial que ameritara ser investigada, pues la escritura de compraventas aquí en cuestión no había sido otorgada por éste sino por la notario Olga Cruz Jiménez.[3] En tal virtud, recomendó el archivo de la queja presentada "previo el recibo de un Memorando de Costas y Gastos del licenciado Derkes, para cuantificar los servicios prestados por éste hasta el momento con relación a los trámites requeridos y devuelva, si procede, el remanente de los honorarios recibidos por gestiones no realizadas."

El 30 de abril de 2003 emitimos una Resolución donde le concedimos al licenciado Derkes Guzmán un término de veinte (20) días para que se expresara sobre el informe de la Oficina de Inspección de Notarías. A pesar de que esta Resolución fue enviada a la última dirección que obra en el expediente del querellado en el Tribunal, éste no contestó. En vista de ello, el 19 de diciembre de 2003, emitimos una segunda Resolución donde le concedimos al abogado un "término final de veinte (20) días para someter el

---

[3] En vista de ello, hemos decidido referir nuevamente este expediente a la Oficina de Inspección de Notarías para que
(Continúa . . .)

Memorando de Costas y Gastos según recomendado por la Oficina de la Directora de Inspección de Notarías <u>y devolver, si procede, el remanente de los honorarios recibidos por gestiones no realizadas</u>." (énfasis suplido). En la referida Resolución, <u>la cual fue notificada personalmente</u>, <u>apercibimos</u> al abogado de que su incumplimiento con los términos "conllevar[ía] su suspensión inmediata del ejercicio de la abogacía." Tenemos constancia de que esta Resolución fue recibida por el licenciado Derkes Guzmán el 4 de enero de 2004, ello no obstante, al día de hoy, luego de transcurridos poco más de dos meses, <u>éste aún no ha cumplido con lo ordenado por este Tribunal</u>.

I

Uno de los compromisos que asume cada uno de los abogados que presta juramento ante este Tribunal está relacionado con la facultad inherente de este Foro de reglamentar el ejercicio de la abogacía. Se trata del deber de todo abogado de atender y cumplir con los requerimientos y órdenes de este Tribunal. Sobre este particular, hemos sido enfáticos al señalar que la naturaleza de la abogacía requiere una <u>escrupulosa atención y obediencia a las órdenes de este Tribunal</u>, particularmente en la esfera de conducta profesional.

_____

la referida Oficina investigue e informe a este Tribunal en torno a la actuación de la referida abogada.

Asimismo, hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino a la jurisdicción disciplinaria de este Tribunal. *In Re Ríos Acosta*, 143 D.P.R. 128 (1997). A tono con lo anterior, hemos señalado que, independientemente de los méritos de las quejas presentadas en contra de un abogado, éste tiene la obligación ineludible de responder prontamente a nuestros requerimientos. *In re Rodríguez Mena*, 126 D.P.R. 202 (1990). Debe mantenerse presente que la desatención a las órdenes de este Tribunal constituye una violación al Canon 9 del Código de Ética Profesional, en lo relativo a la exigencia de respeto hacia los tribunales. *In re Salichs Martínez*, 131 D.P.R. 481 (1992). Demás está decir que en estas situaciones, de renuencia a cumplir con nuestras órdenes, procede la suspensión temporal del ejercicio de la abogacía. *In re Osorio Díaz*, 146 D.P.R. 39 (1998); *In re González Albarrán*, 139 D.P.R. 543 (1995); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

Debe enfatizarse la importancia de la obligación de todo abogado de dar "pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión . . . ." 4 L.P.R.A. Ap. IX, C.23. Así lo dispone expresamente el Canon

23 del Código de Ética Profesional, ante, donde se expresa, además, que las relaciones entre abogado y cliente son de naturaleza fiduciaria razón por la cual las mismas deben estar basadas en la más absoluta honradez. *In re Pereira Estévez*, 131 D.P.R. 515 (1992); *In re Rivera Carmona*, 114 D.P.R. 390 (1983); *In re Arana Arana*, 112 D.P.R. 838 (1982). En ocasión de interpretar el referido Canon, hemos resuelto que "constituye un grave atentado a la relación fiduciaria entre abogado y cliente que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió." (énfasis suplido). *In re Arroyo Ramos*, res. el 17 de abril de 2003, 2003 TSPR 60, *In re Ramírez Ferrer*, 147 D.P.R. 60 (1999); *In re Rivera Carmona*, ante; *In re Arana Arana*, ante. A esos mismos efectos, hemos señalado que "la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública." (citas omitidas y énfasis suplido). *In re Ramírez Ferrer*, ante. No cabe duda que el abogado que despliega esta conducta incurre en una grave falta y violación al Canon 23 del Código de Ética Profesional.

## II

A poco que examinemos los hechos del presente caso nos percatamos de una conducta displicente de dejadez,

indiferencia y falta de diligencia por parte del licenciado Derkes Guzmán con relación a sus responsabilidades como funcionario de este Tribunal. Al día de hoy hemos emitido dos Resoluciones que han sido totalmente ignoradas por el referido abogado. Lo anterior se agrava si consideramos que con su incumplimiento el licenciado Derkes Guzmán ha atentado en contra de la relación fiduciaria que debe existir entre éste y sus clientes, pues ha ignorado el reclamo de la quejosa en torno a que el referido abogado le adeuda una suma de dinero considerable en concepto de honorarios recibidos por gestiones no realizadas.

Si a ello le añadimos que el referido abogado ha ignorado nuestros requerimientos para aclarar dicha situación, forzosa resulta la conclusión de que la conducta desplegada por éste constituye la mejor evidencia de que el licenciado Derkes Guzmán no interesa continuar practicando la honrosa profesión de abogado en nuestra jurisdicción. Una vez más reiteramos que no estamos en disposición de tolerar la incomprensible negativa de un miembro de nuestro foro de cumplir con las órdenes de este Tribunal. *In re Ocasio López*, res. el 30 de mayo de 2002, 2002 T.S.P.R. 105; *In re* Nicot Santana, 130 D.P.R. 210 (1992).

Debe quedar claro, de una vez y por todas, el deber y obligación que todos los abogados tienen de responder con diligencia a los requerimientos de este Tribunal respecto a una queja o querella presentada en su contra. Ya hemos señalado que "[l]a irrazonable e inexcusable tardanza en

cumplir con nuestras órdenes --cuando se investiga una queja contra un abogado-- constituye una falta de respeto a este Tribunal" que, definitivamente, no estamos en disposición de tolerar. *In re* Osorio Díaz, ante, a la pág. 43. Véase, además: *In re* Freytes Mont, 117 D.P.R. 11 (1986); *In re* Pagán Rodríguez, 122 D.P.R. 532 (1988).

Por los fundamentos antes expresados, se decreta la suspensión temporal, e inmediata, de Ángel G. Derkes Guzmán del ejercicio de la abogacía en nuestra jurisdicción. Además, y en vista de su obstinada negativa a presentar el correspondiente Memorando de Costas y Gastos, se le ordena devolver en su totalidad los $4,000.00 cobrados por adelantado a la señora Fuentes Osorio en concepto de honorarios de abogado. Asimismo, le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del abogado Derkes Guzmán, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Ángel G. Derkes Guzmán                    AB-2001-258

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión temporal, e inmediata, de Ángel G. Derkes Guzmán del ejercicio de la abogacía en nuestra jurisdicción. Además, y en vista de su obstinada negativa a presentar el correspondiente Memorando de Costas y Gastos, se le ordena devolver en su totalidad los $4,000.00 cobrados por adelantado a la Sra. Aida Fuentes Osorio en concepto de honorarios de abogado. Asimismo, le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Ángel G. Derkes Guzmán, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

       Así lo pronunció, manda el Tribunal y certifica la
Secretaria del Tribunal Supremo. El Juez Asociado señor
Rivera Pérez no intervino.


                              Patricia Otón Olivieri
                           Secretaria del Tribunal Supremo