EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Héctor Martí Rodríguez | 2016 TSPR 1<br><br><br>194 DPR \_\_\_\_ |

Número del Caso: CP-2012-15

Fecha: 4 de enero de 2016

Abogado del Querellado:

      Lcdo. Alberto Núñez López

Oficina de la Procuradora General:

      Lcda. Karla Pacheco Álvarez
      Suprocuradora General

      Lcda. Yaizamarie Lugo Fontánez
      Procuradora General Auxiliar

Materia: Conducta Profesional – Censura enérgica por violación a los Cánones 20 y 23 de Ética Profesional y a la ley 402-1950, según enmendada.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Héctor Martí Rodríguez

CP-2012-15

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de enero de 2016.

Hoy ejercemos nuestra facultad disciplinaria ante la violación de los Cánones 20 y 23 del Código de Ética Profesional y de la prohibición estatutaria dispuesta en la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, 32 LPRA sec. 3114 *et seq*. Esto pues, a pesar de la prohibición impuesta en la Ley Núm. 402, *supra,* y de nuestras expresiones al respecto, un miembro de la profesión legal pactó con el cliente honorarios contingentes, le requirió el adelanto de los mismos a pesar de conocer la naturaleza laboral de su reclamación y no los reembolsó cuando le fue solicitado.

# I

El Lcdo. Héctor Martí Rodríguez (licenciado Martí Rodríguez) fue admitido al ejercicio de la abogacía el 16 de febrero de 2005 y prestó juramento como notario el 2 de agosto de ese mismo año.

El 25 de junio de 2012, la Oficina del Procurador General presentó una Querella en su contra por violaciones a los Cánones 20, 23 y 38 del Código de Ética Profesional.[1] Esto a raíz de una Queja instada por la Sra. Irma I. Pietri González (la Querellante) en la que alegaba que el letrado se negaba a devolverle la suma de cuatro mil quinientos dólares ($4,500.00) en concepto de "retainer fee" por representarla en un caso laboral de hostigamiento sexual.

Luego de los procedimientos de rigor que incluyeron la celebración de una vista evidenciaria por la Comisionada Especial Hon. Mercedes M. Bauermeister, estamos en posición

---

[1] **PRIMER CARGO:** El licenciado Martí Rodríguez incurrió en conducta constitutiva de violación al **Canon 20 y 23 de Ética** Profesional, 4 LPRA Ap. IX, al retener la cantidad de $4,500, entregada como "retainer fee" en un contrato por contingencia en un caso de Violación a Derechos Civiles por Hostigamiento Sexual Laboral, cuando la única gestión realizada a favor de la Querellante fue asistirla en una reclamación laboral ante la Unidad Antidiscrimen del Departamento del Trabajo, y no se justifican gastos o costas de litigio por dicha cantidad. En consideración que la relación abogado cliente es de naturaleza fiduciaria, que debe estar fundamentada en la honradez absoluta, y que las normas éticas que rigen la profesión de abogado en esta jurisdicción, así lo requieren, el abogado debió devolverle a la Querellante inmediatamente el dinero recibido que no fuera utilizado para gastos o costas del litigio, una vez renunció al caso.

**SEGUNDO CARGO:** El licenciado Martí Rodríguez infringió el **Canon 38 de Ética Profesional**, 4 LPRA Ap. IX, que preceptúa que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque al así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia.

de resolver. Procedemos a relatar los acontecimientos que motivaron la presentación de la Queja, según surgen del Informe Conjunto presentado por las partes, del Informe de la Comisionada Especial y del expediente sobre la gestión profesional del licenciado Martí Rodríguez.

El 13 de julio de 2012, la Querellante suscribió un Contrato de Servicios Profesionales con el licenciado Martí Rodríguez para un asunto descrito como **"Violación a Derechos Civiles – Hostigamiento Sexual Laboral"**. En este Contrato la Querellante se comprometió a pagar el treinta y tres (33) por ciento de lo que obtuviera por Sentencia, los gatos del procedimiento y un anticipo de honorarios de cinco mil dólares ($5,000.00), de los cuales satisfizo cuatro mil quinientos dólares ($4,500.00).

El 11 de octubre de 2013 mediante un Informe Conjunto, las partes estipularon los hechos siguientes:

1. La Sra. Irma Pietri González (también "Querellante") firmó un acuerdo por servicios profesionales con el Lcdo. H[é]ctor Martí Rodríguez (también "Querellado") con fecha del 13 de julio de 2010.

2. Los honorarios contratados según la cláusula 6 del Contrato fue el 33% de la sentencia.

3. Por virtud del contrato la Querellante se comprometió a pagar $5,000.00 como "Retainer Fee" y pagar los gastos que genere el procedimiento mensualmente.[2]

---

[2] Expresa la cláusula 6 del Contrato lo siguiente: "HONORARIOS – Los honorarios a cobrar serán los siguientes: **Cinco mil dólares ($5,000.00) de "Retainer Fee", los cuales serán pagados según lo especifica el Anejo A de este contrato y en adición se facturarán los gastos que genere el procedimiento mensualmente. Se cobrarán como Honorarios el 33% de lo obtenido por la Sentencia, los cuales serán pagaderos inmediatamente luego de recibida la misma"**. (Énfasis en original).

4. El contrato de servicios profesionales dispone en su cláusula 4 el deber de la Querellante de relatar los hechos de forma completa y real, de cooperar con el abogado.

5. La señora Pietri González le hizo entrega al licenciado Martí Rodríguez $4,500.00 en concepto de "retainer fee".

6. Mientras el caso se dilucidaba en la Unidad Antidiscrimen, la Querellante envía un facsímil al Lcdo. Martí fechado **8 de marzo de 2011**, que fue martes, en el que le pide al abogado la renuncia y la devolución de los $4,500.00 que había depositado como "Retainer Fee" y la devolución del expediente. Indica que va a buscar el dinero en un plazo de dos días después de la comunicación, 10 de marzo de 2011.

7. La clienta envía una nueva carta el **17 de marzo de 2011**.

8. El Lcdo. Martí le envía una carta el 5 de abril de 2011 en la cual le explica que a más tardar el 30 de abril le enviaría un análisis de las horas trabajadas, pues consideró que no era correcta la aseveración de la clienta que no se había realizado trabajo alguno.[3] (Énfasis nuestro).

Cabe señalar que el 10 de marzo de 2011, el licenciado Martí Rodríguez le devolvió el expediente a la querellante, más no así la suma de dinero solicitada.

Sostuvo la Procuradora General, entre otras cosas, que las gestiones realizadas por el letrado a favor de la Querellante fueron de índole laboral, por lo que no podía cobrar honorarios por las mismas y que estaba obligado a devolverle a la Querellante cualquier cantidad retenida

---

[3] La Comisionada Especial determinó que la Querellante no proveyó al letrado toda la información que le era conocida para que este determinara la acción legal, si alguna, que tenía disponible. La Querellante omitió informarle los resultados de querellas previas contra su patrono, por lo que al enterarse el licenciado Martí Rodríguez concluyó que no existía causa de acción, por estar las mismas prescritas. Indicó el letrado que el 21 de diciembre de 2010 radicó la querella ante la Unidad Anti-Discrimen del Departamento del Trabajo y Recursos Humanos.

que no se justificara como costas y gastos del litigio. Indicó que la conducta del licenciado Martí Rodríguez constituyó violaciones a los Cánones 20, 23 y 38 del Código de Ética Profesional.

Por su parte, el licenciado Martí Rodríguez rechazó las expresiones de la Procuradora General. En su contestación sostuvo que podía facturar por ciertos asuntos relacionados a la reclamación de la Querellante puesto que no se trataban de un caso laboral. Añadió que por ello era de aplicación máxima legal *quantum meruit* del Artículo 1473 del Código Civil, 31 LPRA sec. 4111.

El 8 de mayo de 2015, la Comisionada Especial emitió su Informe. Concluyó que el licenciado Martí Rodríguez no debió pactar honorarios de abogado contingentes ni requerir adelanto de los mismos al conocer la naturaleza laboral de la reclamación de la Querellante. Por lo tanto, concluyó que el licenciado Martí Rodríguez violó la Ley Núm. 402, *supra*, y debía responder conforme dispone el Artículo 4 del estatuto. Por consiguiente, sostuvo que tampoco le estaba permitido reclamar honorarios conforme el Artículo 1473 del Código Civil, *supra*.

La Comisionada también concluyó que el letrado violó el Canon 20 de Ética al rehusar devolver inmediatamente la cantidad indebidamente recibida como anticipo y posponer el cumplimento de rendir cuenta del tiempo trabajado hasta

después de presentada la Querella. No obstante, no encontró violación a los Cánones 23 y 38.[4]

El 2 de junio de 2015, la Oficina de la Procuradora General compareció ante nos mediante *Reacción al Informe de la Comisionada Especial* en el que reiteró su posición de que el licenciado Martí Rodríguez infringió el deber fiduciario contemplado en el Canon 23 de Ética Profesional, así como el Canon 38.

Así las cosas, el licenciado Martí Rodríguez nos informó que se allanaba a las determinaciones y recomendaciones de la Comisionada Especial el 12 de agosto de 2015. Solicitó disculpas a la Querellante y a este Tribunal por su interpretación errónea de lo que podía facturar en un caso laboral en concepto de honorarios de abogado. Asimismo, indicó que se encontraba realizando gestiones para comunicarse con la Querellante y coordinar la entrega de la mitad del dinero que debía devolver. En cuanto a la cantidad restante, solicitó un término de ciento veinte (120) días para pagarla.

El 18 de septiembre de 2015, el licenciado Martí Rodríguez nuevamente compareció ante nos. Esta vez nos informó mediante *Moción Informativa sobre Comunicaciones a la Parte Querellada* sobre las cartas enviadas y las gestiones telefónicas realizadas para entregarle el dinero

---

[4] Con relación a la imputación de violación al Canon 23, la Comisionada concluyó que el licenciado Martí Rodríguez no tuvo en su posesión fondos o bienes que le fueran entregados *para* su cliente por lo que no hubo violación a dicho canon. En cuanto al Canon 38 concluyó que no se sostenía una violación al mismo en evidencia clara, robusta y convincente.

a la Querellante. Estas han resultado infructuosas. Por lo tanto, nos solicita instrucciones en cuanto a la consignación del dinero.

**II**

Reiteradamente hemos expresado que los contratos de servicios profesionales de abogados son una variante del contrato de arrendamiento de servicios. No obstante, estos contratos se encuentran sujetos al Código de Ética Profesional en cuanto a las normas generales sobre la fijación de honorarios de abogado, entre otras cosas. *In re Franco Rivera*, 169 DPR 237, 264-265 (2006); *In re Rodríguez Mercado*, 165 DPR 630, 642 (2005).

Con relación a la compensación de los abogados por sus servicios, todo abogado y toda abogada tiene derecho a que esta sea razonable. Art. 1434 del Código Civil de Puerto Rico, 31 LPRA sec. 4111; *In re Franco Rivera*, supra. Sin embargo, además del Código de Ética Profesional y del Art. 1434 del Código Civil, existen otras limitaciones estatutarias respecto a la fijación de honorarios profesionales. De particular importancia al caso de autos, se encuentra la prohibición de contratar honorarios profesionales con trabajadores o empleados con relación a reclamaciones laborales. Esta prohibición fue establecida en la Ley Núm. 402, *supra*, y sobre sus efectos ya nos hemos expresado extensamente.

Así, el Art. 3 de la Ley Núm. 402, *supra*, 32 LPRA sec. 3116, expresamente señala que son:

nulos y contrarios al orden público todos los contratos, convenios o acuerdos en que trabajadores o empleados se obliguen directa o indirectamente a pagar honorarios a sus abogados en casos de reclamaciones judiciales o extrajudiciales contra sus patronos bajo la legislación laboral de Puerto Rico o bajo la legislación laboral del Congreso de Estados Unidos aplicable a Puerto Rico, o al amparo de un convenio de naturaleza individual o colectivo.

En tales casos, si el empleado es exitoso, es el patrono quien satisface los honorarios de abogado y no el empleado. *In re Franco Rivera*, pág. 267. No obstante, en caso de incumplir con esta prohibición estatutaria, el abogado tiene que reembolsar al obrero o grupos de obreros afectados tanto la cantidad pagada como una suma igual de dinero en concepto de daños líquidos. Art. 4 de la Ley Núm. 402, 32 LPRA sec. 3117; *Id*.

Por otra parte y en lo pertinente, el Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere tras la renuncia de un abogado a este "reembolsar **inmediatamente** cualquier cantidad que le haya sido pagada en honorarios por servicios que no se han prestado". (Énfasis suplido). *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Rodríguez Lugo*, 175 DPR 1023 (2009); *In re Franco Rivera*, supra. Esto pues, "[c]onstituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió". *In re Rodríguez Lugo, supra*, pág. 1030, citando a *In re Pereira Esteves*, 131 DPR 515, 523 (1992). De igual forma, el Canon 23 exige

que los abogados den pronta cuenta de cualquier cantidad de dinero u otros bienes del cliente que vengan a su posesión, incluyendo aquella suma de dinero que le adelantara en concepto de honorarios de abogado. Así pues, la dilación en la devolución de estos fondos es causa suficiente para infringir el Canon 23 independientemente de que devolviera el dinero retenido o no tuviera intención para apropiárselos permanentemente. *In re Rivera Navarro*, res. el 22 de junio de 2015, 193 DPR ___; *supra*. *In re Ayala Vega*, 189 D.P.R. 672 (2013); *In re Vega Quintana*, 188 DPR 536 (2013); *In re Torres Viñals*, 180 DPR 236, 246 (2010); *In re Rivera Lozada*, 176 DPR 215, 225 (2009); *In re Ríos Ríos*, 175 DPR 57, 72-73 (2008); *In re Ramírez Ferrer*, 147 DPR 607, 614 (1999).

Por último, al imponer una sanción disciplinaria a un abogado, debemos considerar su historial, si goza de buena reputación, la aceptación de su falta y su sincero arrepentimiento, si se realizó la conducta con ánimo de lucro y cualquier otro factor pertinente a los hechos. *In re Pietri Castellón,* 185 DPR 982 (2012).

Con estos preceptos en mente, atendemos la Querella que nos fuera presentada.

**III**

Luego de analizar los hechos que motivan la presente Querella, concluimos que el licenciado Martí Rodríguez violó los Cánones 20 y 23 del Código de Ética Profesional,

*supra*, así como la prohibición impuesta por la Ley Núm. 402, *supra*.

El licenciado Martí Rodríguez contrató con la Querellante honorarios contingentes y le requirió el adelanto de los mismos ante una posible causa de acción de naturaleza laboral por hostigamiento sexual. Esto, a pesar de que ser nulo y contrario al orden público todo acuerdo que obligue a un empleado a pagar honorarios de abogado por reclamaciones contra su patrono bajo la legislación laboral. Todo ello en violación a la Ley Núm. 402, *supra*. Por lo tanto, el letrado está sujeto a la devolución del dinero requerido y a la penalidad dispuesta en el Art. 4 de la citada Ley Núm. 402.

De igual forma, el abogado incumplió con los Cánones 20 y 23 del Código de Ética Profesional, *supra*, al no reembolsar inmediatamente los honorarios adelantados por la Querellante.[5] Aunque hoy el querellado acepta su error y está efectuando los trámites necesarios para devolver el dinero, la dilación es suficiente para que lo disciplinemos.

Por último, con relación al Canon 38 acogemos los planteamientos de la Comisionada Especial.

**IV**

Habida cuenta de que es la primera falta del Lcdo. Héctor Martí Rodríguez, de que este aceptó su culpa y

---

[5] *In re Rodríguez Mercado*, 165 DPR 630, 640 (2005)("[E]ste Tribunal no está obligado a aceptar el informe del Comisionado Especial, por lo que puede adoptarlo, modificarlo e, inclusive, rechazarlo).

mostró un sincero arrepentimiento, devolvió prontamente el expediente solicitado y de que ha comenzado los trámites pertinentes para devolver los honorarios cobrados y la penalidad aplicable a la Querellante, en esta ocasión lo censuramos enérgicamente.

El licenciado Martí Rodríguez tiene la obligación de reembolsarle a la Querellante la cantidad de cuatro mil quinientos dólares ($4,500.00) adelantada en concepto de honorarios de abogado, así como una suma igual de dinero en concepto de daños líquidos, para un total de nueve mil dólares ($9,000.00). Ante la dificultad que este ha expresado para contactar a la Querellante, le ordenamos a que comience el proceso de consignación. Le concedemos al letrado un término de quince (15) días contados a partir de la notificación de esta Opinión *Per Curiam* para acreditarnos que ha cumplido con el Aviso de la Intención de Consignar. Además, en el término de treinta (30) días desde la acreditación de tal Aviso, el licenciado Martí Rodríguez deberá informar a este Tribunal si la Querellante reclamó la suma adeudada. De lo contrario, deberá acreditarnos que consignó la cantidad de nueve mil dólares ($9,000.00).

Apercibimos al licenciado Martí Rodríguez de que, si incurre nuevamente en una conducta contraria al Código de Ética Profesional, será sancionado rigurosamente. Notifíquese personalmente esta Opinión *Per Curiam* al

licenciado Martí Rodríguez por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lcdo. Héctor Martí Rodríguez

                              CP-2012-15


                         SENTENCIA

En San Juan, Puerto Rico, a 4 de enero de 2016.

     Por los fundamentos antes expuestos en la Opinión Per Curiam que antecede, se dicta Sentencia y se Censura enérgicamente al Lcdo. Héctor Martí Rodriguez por la violación de los Cánones 20 y 23 del Código de Ética Profesional y de la prohibición estatutaria dispuesta en la Ley Núm. 402 de 12 de mayo de 1950, según enmendada, 32 LPRA sec. 3114 *et seq*.

     El licenciado Martí Rodríguez tiene la obligación de reembolsarle a la Querellante la cantidad de cuatro mil quinientos dólares ($4,500.00) adelantada en concepto de honorarios de abogado, así como una suma igual de dinero en concepto de daños líquidos, para un total de nueve mil dólares ($9,000.00). Ante la dificultad que este ha expresado para contactar a la Querellante, le ordenamos a que comience el proceso de consignación. Le concedemos al letrado un término de quince (15) días contados a partir de la notificación de esta Opinión *Per Curiam* para acreditarnos que ha cumplido con el Aviso de la Intención de Consignar. Además, en el término de treinta (30) días desde la acreditación de tal Aviso, el licenciado Martí Rodríguez deberá informar a este Tribunal si la Querellante reclamó la suma adeudada. De lo contrario, deberá

acreditarnos que consignó la cantidad de nueve mil dólares ($9,000.00).

Apercibimos al licenciado Martí Rodríguez de que, si incurre nuevamente en una conducta contraria al Código de Ética Profesional, será sancionado rigurosamente.

Notifíquese personalmente esta Opinión *Per Curiam* al licenciado Martí Rodríguez por la Oficina del Alguacil de este Tribunal.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo