ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| IVÁN R. SOTOMAYOR SERRA<br><br>Peticionario<br><br>v.<br><br>MARÍA T. VELILLA SOTOMAYOR<br><br>Recurrida | **TA2025CE00128** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV03273<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 11 de agosto de 2025.

Comparece ante este foro el Sr. Iván R. Sotomayor Serra, por derecho propio, (señor Sotomayor o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, notificada el 24 de junio de 2025. Mediante el referido dictamen, el foro primario denegó el relevo de representación legal del peticionario. A su vez, le concedió 30 días para que consiguiera una nueva representación legal.

Por los fundamentos que exponemos a continuación, expedimos el auto de *certiorari* y **REVOCAMOS** la determinación recurrida.

### I.

A continuación, hacemos un breve resumen de los hechos que anteceden y que motivaron la presentación del recurso.

El 18 de abril de 2023, la Sra. María T. Velilla Sotomayor (señora Velilla) presentó una *Demanda* sobre

liquidación de bienes gananciales en contra del señor Sotomayor.[1] El 30 de mayo de 2023, compareció por derecho propio el peticionario, presentando su *Contestación a la Demanda*.[2]

Luego de varias incidencias procesales, el 25 de octubre de 2023, la señora Velilla presentó una *Moción en Oposición a Solicitud de Prórroga Adicional y Solicitando Continuación de los Procedimientos*.[3] En esencia, señaló que el señor Sotomayor no podía continuar auto representándose por no estar capacitado para cumplir con las Reglas de Procedimiento Civil. Por lo que, solicitó le fuera ordenado al peticionario notificara un representante legal.

El 25 de octubre de 2023, el foro primario notificó una *Orden*, mediante la cual le ordenó al peticionario se expresara sobre la moción en 20 días.[4]

En cumplimiento con la orden, el 13 de noviembre de 2023, el señor Sotomayor presentó su moción.[5] En esta, sostuvo que se ha representado por derecho propio en múltiples casos, y no había sido descalificado de ninguno. A su vez, que no había dejado de cumplir con las órdenes emitidas por el foro *a quo*. Por lo que, la moción de la señora Velilla debía denegarse.

El 14 de noviembre de 2023, el foro primario notificó una *Orden*, en la cual permitió al señor Sotomayor a que se representara por derecho propio, sin

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Contestación a la Demanda*, entrada núm. 5 en SUMAC.
[3] *Moción en Oposición a Solicitud de Prórroga Adicional y Solicitando Continuación de los Procedimientos*, entrada núm. 21 en SUMAC.
[4] *Orden*, entrada núm. 22 en SUMAC.
[5] *Moción en Cumplimiento de Orden*, entrada núm. 24 en SUMAC.

perjuicio de tomar otra determinación en el transcurso del caso.[6]

Luego de varios incidentes procesales, el 29 de enero de 2024, fue celebrada una *Conferencia Inicial* a la que compareció la señora Velilla y su representante legal, la Lcda. Jessica M. Apellaniz Arroyo, no obstante, el señor Sotomayor no participó.[7] Durante la vista, la Lcda. Apellaniz reiteró que el peticionario no tenía la capacidad para auto representarse y solicitó éste sea representado por un abogado.

El 13 de febrero de 2024, el foro primario notificó una *Resolución*.[8] En síntesis, concluyó que el peticionario no podía representarse por derecho propio. Añadió que, "contrario a lo que afirma el demandado, no se encuentra apto para asumir su propia representación legal. Su condición o condiciones de salud o su larga convalecencia han provocado una dilación de 10 meses en el trámite del caso." Por lo que, le ordenó al señor Sotomayor a que anunciara en 20 días su representación legal.

En desacuerdo, el 28 de febrero de 2024, el señor Sotomayor presentó una *Moción de Reconsideración y e Solicitud de Memorando de Derecho*.[9] No obstante, el 1 de marzo de 2024, el foro recurrido mediante una *Resolución*, denegó la moción.[10]

Luego de innumerables incidentes procesales, donde el foro primario le ordenó al peticionario a que cumpliera con la orden de conseguir representación legal

---

[6] *Orden*, entrada núm. 27 en SUMAC.
[7] *Minuta*, entrada núm. 45 en SUMAC.
[8] *Resolución*, entrada núm. 59 en SUMAC.
[9] *Moción de Reconsideración y e Solicitud de Memorando de Derecho*, entrada núm. 61 en SUMAC.
[10] *Resolución*, entrada núm. 62 en SUMAC.

y éste incumplir con ella, además de causar demoras innecesarias en el caso ante el foro primario, el 6 de junio de 2024, el señor Sotomayor presentó *Notificación de Representación Legal y Solicitud de Prórroga*.[11] El Lcdo. Pedro Vázquez Pesquera asumió la representación legal del peticionario.

Sin embargo, el 2 de enero de 2025, el Lcdo. Vázquez presentó una *Notificación de Renuncia a la Representación Legal del Demandado*.[12] Alegó que surgió un quebrantamiento irreparable en la relación abogado-cliente, por lo que, era imposible continuar la representación con el señor Sotomayor.

El 3 de enero de 2025, el foro primario mediante *Orden*, denegó la renuncia hasta que el peticionario consiguiera nueva representación legal.[13]

El 3 de febrero de 2025, el peticionario presentó *Moción Asumiendo Representación Legal y Otros Asuntos*, e informó que la Lcda. Rosa L. Vázquez López (Lcda. Vázquez) sería su representante legal.[14]

Así pues, el 5 de febrero de 2025, el foro primario notificó una *Orden*, en la que relevó al Lcdo. Sotomayor de la representación del peticionario.[15]

Sin embargo, el 23 de junio de 2025, la Lcda. Vázquez presentó una *Moción Solicitando Relevo de Representación Legal*.[16] Arguyó que, ha tenido problemas de comunicación y diferencias irreconciliables con el señor Sotomayor, por lo que, solicitó fuera relevada.

---

[11] *Notificación de Representación Legal y Solicitud de Prórroga*, entrada núm. 92 en SUMAC.
[12] *Notificación de Renuncia a la Representación Legal del Demandado*, entrada núm. 111 en SUMAC.
[13] *Orden*, entrada núm. 112 en SUMAC.
[14] *Moción Asumiendo Representación Legal y Otros Asuntos*, entrada núm. 115 en SUMAC.
[15] *Orden*, entrada núm. 116 en SUMAC.
[16] *Moción Solicitando Relevo de Representación Legal*, entrada núm. 121 en SUMAC.

El 24 de junio de 2025, el foro recurrido emitió una *Orden*, en la cual denegó el relevo hasta que el peticionario compareciera con un nuevo representante legal.[17]

El 25 de junio de 2025, la señora Velilla presentó un *Escrito Solicitando Remedios ante el Incumplimiento de la Parte Demandada*.[18] En esencia, esbozó que aun continuaba el caso en la etapa inicial, sin que se cumplieran con las ordenes del Tribunal, por lo que, solicitó la eliminación de las alegaciones del peticionario y lo condenara al pago de $2,000.00 en concepto de honorarios.

El 26 de junio de 2025, el peticionario presentó una *Moción en Solicitud de Reconsideración*.[19] La Lcda. Vázquez indicó que "tiene serias e insalvables diferencias de criterio con el demandado que le impiden continuar brindándole una representación legal adecuada y efectiva." Por ello, solicitó el relevo como su representante legal.

No obstante, el 30 de junio de 2025, el foro primario mediante *Resolución Interlocutoria*, declaró *No Ha Lugar* a la solicitud de reconsideración.[20] En la misma fecha, emitió una *Orden*, concediéndole al peticionario 10 días para que mostrara causa por la cual no debía conceder el remedio solicitado por la recurrida.

El 7 de julio de 2025, el peticionario presentó *Moción en Solicitud de Orden*.[21] Alegó que, la Lcda.

---

[17] *Orden*, entrada núm. 122 en SUMAC.
[18] *Escrito Solicitando Remedios ante el Incumplimiento de la Parte Demandada*, entrada núm. 123 en SUMAC.
[19] *Moción en Solicitud de Reconsideración*, entrada núm. 124 en SUMAC.
[20] *Resolución Interlocutoria*, entrada núm. 125 en SUMAC.
[21] *Moción en Solicitud de Orden*, entrada núm. 127 en SUMAC.

Vázquez informó su imposibilidad de representar al señor Sotomayor, por lo que, le era imposible contestar la solicitud de la parte recurrida.

Sin embargo, el 9 de julio de 2025, el foro *a quo* notificó una *Orden*.[22] Mediante la cual, declaró sin lugar la moción del peticionario e indicó que tenía 30 días para cumplir con todas las órdenes y/o resoluciones pendientes, so pena de severas sanciones y que sus alegaciones queden eliminadas.

Inconforme, el 9 de julio de 2025, el señor Sotomayor presentó el recurso de epígrafe y señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de relevo de representación legal, presentada por la Lcda. Rosa L. Vázquez, pese a que esta alegó una ruptura irreconciliable en la relación abogado-cliente que le impedía continuar brindando representación ética y efectiva, lo cual constituye un abuso de discreción judicial y una violación al debido proceso de ley.

> Erró el Honorable Tribunal de Primera Instancia al condicionar la renuncia de la representación legal del peticionario a que este consiguiera otro abogado en 30 días, sin considerar el efecto paralizante que dicha decisión generaría sobre la capacidad del peticionario de contratar nueva representación legal ante el conflicto ético activo.

> Erró el Honorable Tribunal de Primera Instancia al denegar la moción de reconsideración presentada por la Lcda. Vázquez, la cual reiteraba la imposibilidad ética de continuar representando al peticionario y advertía del riesgo profesional que ello representaba, sin entrar en el mérito sustantivo de sus planteamientos.

> Erró el Honorable Tribunal de Primera Instancia al emitir una orden que impone un término perentorio bajo apercibimiento de sanciones sin que el peticionario cuente con representación legal efectiva y confiable, colocándolo en una posición de

---

[22] *Orden*, entrada núm. 128 en SUMAC.

indefensión procesal directa, violado así su derecho constitucional al debido proceso de ley.

El 15 de julio de 2025, el señor Sotomayor presentó una *Moción en Auxilio de Jurisdicción y Solicitud de Suspensión de Términos*.

Examinada la moción, mediante *Resolución* emitida el 15 de julio 2025, declaramos *Con Lugar* el auxilio. Por consiguiente, paralizamos los procedimientos del caso ante el foro primario.

Sin el beneficio de la comparecencia de la parte recurrida, procedemos a atender el recurso.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001). La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia*, supra, pág. 91. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho". *Íd*.

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de certiorari, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que para ello debemos considerar, estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Regla 9.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 9.2, indica el procedimiento para la renuncia de representación legal:

> El abogado o abogada que asuma la representación profesional de una parte en un procedimiento pendiente ante el Tribunal deberá presentar una moción a esos efectos, en la cual incluirá su número de abogado(a) ante el Tribunal Supremo de Puerto Rico, número de teléfono, número de fax, y dirección postal y dirección electrónica.

> Cuando un abogado o abogada que haya comparecido ante un tribunal en representación de un(a) cliente(a) solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. El abogado o abogada expondrá las razones por las cuales debe permitirse su renuncia e informará el número de teléfono y la dirección postal de quien represente. Hará constar, además, que ha notificado la renuncia a su cliente(a) y que ha cumplido con las exigencias de los cánones del Código de Ética Profesional. El tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento.

El Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX, impone unas obligaciones al abogado que solicita la renuncia, citamos a continuación:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

> Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción

> o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.
>
> Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.

Nuestro Tribunal Supremo ha señalado que este canon es específico en cuanto a las medidas que debe tomar un abogado que pretende renunciar a la representación profesional de un cliente para no dejar en estado de indefensión a su representado y no causar dilación a los procedimientos en los tribunales; y que tal especificidad no excluye otros deberes consustanciales que dependen de las circunstancias de cada caso en particular. *In re Ávila, Jr.,* 109 DPR 440 (1980).

En cuanto al momento en que cesa la responsabilidad del abogado, el Tribunal Supremo de Puerto Rico ha expresado que éste no queda automáticamente desvinculado de su responsabilidad para con su cliente y para con el tribunal con la mera presentación de la moción de renuncia de representación profesional. Para ello es necesaria la aprobación del tribunal. *Matos v. Metropolitan Marble Corp*., 104 DPR 122 (1975).

Por último, si bien es cierto que un abogado debe renunciar a la representación legal de un cliente cuando exista una razón justificada e imprevista para ello, también es cierto que los tribunales solo aprobarán dicha renuncia cuando existan discrepancias irreconciliables de criterio con el cliente relativas a la defensa del caso o cuando exista un insalvable

conflicto personal o fricción entre el cliente y el abogado que justifique tal renuncia. Canon 20 del Código de Ética Profesional, 4 LPRA Ap. IX; *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 459 (1974); *In Re Pereira Esteves*, 131 DPR 515, 523 (1992).

### III.

Por estar los errores íntimamente relacionados, los discutiremos en conjunto. En esencia, el señor Sotomayor alega que incidió el foro primario al denegar el relevo de la Lcda. Vázquez, aun cuando no existe una relación de abogado-cliente que salvaguardar debido a la falta de confianza y diferencias irreconciliables. Además, de querer imponerle sanciones de incumplir con las órdenes emitidas, aun cuando no cuenta con representación legal adecuada.

Conforme al derecho antes expuesto, cuando un abogado asume la representación legal de un cliente y posteriormente solicite renunciar a esa representación, deberá presentar una moción por escrito a tal efecto. A su vez, debe exponer las razones por las cuales debe permitirse su renuncia. Posteriormente, el tribunal tendrá facultad para rechazar la renuncia solicitada en aquellos casos excepcionales en que estime que los derechos de una parte podrían verse seriamente lesionados o que se retrasaría indebidamente el procedimiento.

De ora parte, la confianza es parte esencial en una relación abogado-cliente. De ahí que las partes gozan de amplia libertad para elegir y, de ser necesario, retirar a su representante legal de su gestión profesional.

En el caso de autos, la Lcda. Vázquez solicitó su relevo como representante legal del señor Sotomayor. En las mociones expresó que habían confrontado problemas de comunicación y tenían diferencias irreconciliables, lo que impedía brindarle una representación adecuada. A su vez, que la falta de relevo de representación, la ponía en una "posición extremadamente peligrosa e insalvable en términos éticos." No obstante, fue el propio peticionario quien presentó el recurso ante nos, solicitando el relevo de su representante legal. Lo anterior deja entrever que la relación abogado-cliente carece de la absoluta confianza que debe existir.

Por ello, los conflictos o diferencias insalvables en la relación entre la Lcda. Vázquez y el señor Sotomayor, es causa suficiente para relevar a la Lcda. Vázquez como representante legal. En consecuencia, no vemos razón que justifique la determinación del foro primario en denegar la renuncia de la representación legal, por lo que, procede expedir el auto solicitado y revocar la determinación impugnada.

No empece a lo anterior, también notamos que el señor Sotomayor no ha cooperado a cabalidad con las ordenes previas del Tribunal en cuanto a la contratación de representación legal. Debe estar claro que el presente dictamen no es excusa ni licencia para que el señor Sotomayor litigue sin adherirse a las órdenes del Tribunal. El foro de instancia deberá hacer valer sus dictámenes y la reglamentación aplicable de forma enérgica, y siempre hará cumplir su autoridad sobre las partes y los procedimientos ante su jurisdicción, claro esta, velando siempre por el debido proceso de ley.

## IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y **REVOCAMOS** la *Orden* recurrida. Se devuelve el caso de autos al Tribunal de Primera Instancia, Sala Superior de San Juan, a los fines de que le conceda un plazo razonable al señor Sotomayor para que anuncie nueva representación legal.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones